UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLBY JACKSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **AIDAN GEORGE RUSSO, ET AL.** | **NO. 25-210-EWD** |

### NOTICE AND ORDER

    This is a civil suit for damages arising out of a motor vehicle accident.[1] On December 6, 2024, Colby Jackson ("Plaintiff") filed his Petition for Damages ("Petition") against Defendants Aidan George Russo ("Russo") and "Texas Liberty Mutual Insurance Company" in Louisiana state court.[2] The Petition alleges that Plaintiff suffered injuries when he was struck by the vehicle driven by Russo, who was insured by Texas Liberty Mutual Insurance Company at the time of the accident.[3] On March 12, 2025, Russo removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4]

    Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The amount in controversy appears to be met based on the allegations in the Notice of Removal that Plaintiff suffered several bone fractures as a result of the accident, which resulted in at least one operation involving the placement of hardware and a five-day hospital stay.[5] The Notice of

---

[1] R. Doc. 1-1, ¶¶ 2-4.

[2] R. Doc. 1-1.

[3] R. Doc. 1-1, ¶¶ 2-4, 9.

[4] R. Doc. 1, ¶ 3.

[5] R. Doc. 1, ¶ 8.

Removal adequately alleges that Plaintiff is a Louisiana citizen and that Defendant Russo is a Texas citizen.[6] However, the Notice of Removal alleges that named defendant Texas Liberty Mutual Insurance Company is not an actual entity, and that, presumably, Plaintiff intended to name "Liberty County Mutual Insurance Company," which is organized in Texas and has its principal place of business in Massachusetts.[7] Notwithstanding the foregoing, the Notice of Removal contends that the citizenship of the insurer is irrelevant for the purpose of diversity jurisdiction because recent amendments to Louisiana's direct action statute preclude Plaintiff from naming Russo's liability insurer as a defendant.[8]

     As it stands, Texas Liberty Mutual Insurance Company (which may or may not be an actual entity) is a named defendant, whose citizenship information has not been provided; therefore, the Court cannot determine if diversity subject matter jurisdiction exists among the named parties. Accordingly, if Plaintiff agrees with Russo that Plaintiff is precluded from naming Russo's liability insurer as a defendant in this case based on recent revisions to the Louisiana Insurance Code, then Plaintiff must seek leave to file an amended complaint that deletes all references to "Texas Liberty Mutual Insurance Company" so that the only defendant is Russo. In the alternative, if Plaintiff contends that Russo's liability insurer is properly made a defendant, but agrees that "Texas Liberty Mutual Insurance Company" is the not the correct name of the insurer, which instead should be "Liberty County Mutual Insurance Company" (or some other name), then Plaintiff must seek leave to file an amended Complaint that properly identifies the correct insurance company and

---

[6] R. Doc. 1, ¶¶ 4-5.

[7] R. Doc. 1, ¶ 6.

[8] R. Doc. 1, ¶ 6.

2

adequately states its citizenship.[9]  In the further alternative, if Plaintiff intends to proceed with his claims against Texas Liberty Mutual Insurance Company as currently alleged, then Plaintiff shall seek leave to file an amended Complaint that adequately states the citizenship of Texas Liberty Mutual Insurance Company, which has not been adequately alleged.  Defendant Russo shall be permitted to respond to Plaintiff's filing, as applicable and/or necessary.

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the proper parties are completely diverse.[10]

Accordingly,

**IT IS ORDERED** that, on or before **March 27, 2025**, Plaintiff Colby Jackson shall file a motion for leave to file an amended Complaint that amends the current Complaint in one of the following ways: (1) if Plaintiff agrees that Plaintiff is precluded from naming Russo's insurer as a defendant in this case, then Plaintiff shall delete all references to Texas Liberty Mutual Insurance Company in the amended Complaint; (2) if Plaintiff contends that Russo's liability insurer is properly made a defendant, but agrees that "Texas Liberty Mutual Insurance Company" is the not the correct name of the insurer, then Plaintiff's amended Complaint must properly identify the correct insurance company and adequately allege its citizenship; or, (3) if Plaintiff intends to proceed with his claims against Texas Liberty Mutual Insurance Company as currently alleged,

---

[9] The citizenship of a corporation is determined by place of incorporation and principal place of business, and both must be affirmatively alleged. *See Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).  The citizenship of a limited liability company is determined by the citizenship of all its members, each of which must be specifically identified.  *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018). Negative allegations of citizenship, *i.e.*, "a citizen of a state other than Louisiana," are insufficient. *Truxillo v. American Zurich Ins. Co.*, No. 16-369, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016).

[10] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

3

then Plaintiff's amended Complaint must adequately allege the citizenship of Texas Liberty Mutual Insurance Company.

**IT IS FURTHER ORDERED** that, or before **April 10, 2025,** Defendant Aidan George Russo may file a response to Plaintiff's filing, as applicable and/or necessary.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 13, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**